LYONS, Judge.
Delivered the resolution of the Court: That conditions of this kind, where the act was to be performed personally by one of the parties, were for the benefit of the obligors; who stood excused, when the act of God, or of the law, prevented the performance. Laughter’s Case, 5 Co. 21. That it rested on the same footing as costs; which are not recoverable, where the party dies, and the suit abates, unless it be revived. That the party here, who was to perform, being dead, it was impossible, that the stipulated act could be done by him, which, therefore, excused the security. But, as the condition of the bond, also, .was, that he should pay the debt, in case the judgment should be affirmed, if an affirmance had taken place after the death of the principal, the securities would have been liable; and it was in the power of the appellee to have sued a scire facias, and obtained a judgment of affirmance, if there was no error: whereas, it was not in the power of the security to have done this; neither could he have compelled the executor to have sued a scire facias, and revived the appeal. That, consequently, as the appellee might have done it, and the security could not, it was more reasonable, that the appellee should suffer for the neglect, than that the security should; especially when it was considered, that if he had actually sued a scire facias, the judgment might, perhaps, have been reversed. So that, although the security was not in danger, if the cause had been brought to a hearing in the Appellate *246 Court, he might be rendered liable, in consequence of the neglect to obtain the scire facias; which never could be right. That the Court was therefore of opinion, that the judgment should be reversed, and judgment entered for the appellant, upon the demurrer.
Judgment reversed.